## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ALEX BURK WEATHERLY**                                                    **PLAINTIFF**

**v.**                          **Case No. 4:21-cv-00604 KGB**

**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY**                                   **DEFENDANT**

## ORDER

Before the Court are plaintiff Alex Burk Weatherly's motion *in limine* (Dkt. No. 21) and

defendant Allstate Property and Casualty Insurance Company's ("Allstate") motion *in limine* (Dkt.

No. 24).  The Court conducted a pretrial conference with counsel on July 15, 2022, at which it

heard argument from counsel.[1]  For the reasons set forth below, the Court grants, in part, and

denies, in part, Mr. Weatherly's motion *in limine* (Dkt. No. 21), and grants, in part, and denies, in

part, Allstate's motion *in limine* (Dkt. No. 24).  The Court denies Mr. Weatherly's objections to

Allstate's evidentiary designation of the deposition transcript of Dr. Scott Bowen (Dkt. No. 23).

The Court grants Allstate's oral motion to exclude the deposition testimony of Dr. Bowen at page

35, lines 2 through 12.

As to those matters about which the Court grants an *in limine* motion in favor of either

party, all parties, their counsel, and witnesses are directed to refrain from making any mention

through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either

directly or indirectly, concerning the matters about which the Court grants an *in limine* motion,

---

[1]  At the pretrial conference, counsel for Mr. Weatherly stated Mr. Weatherly would be
requesting damages at trial in the amount of $50,000.00 and raised whether this would have any
effect on diversity jurisdiction under 28 U.S.C. § 1332.  The Court is satisfied that it retains
jurisdiction over the case.  *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir.
2011).

without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

I.     **Mr. Weatherly's Motion *In Limine***

A.     **Collateral Source**

Mr. Weatherly argues that the Court should preclude the jury from hearing or considering any evidence that he received or will receive any benefit from a collateral source (Dkt. No. 21, ¶ 1 (citing Ark. R. Evid. 401, 402; *Montgomery Ward & Co., Inc. v. Anderson*, 976 S.W.2d 382 (Ark. 1998); *McMullin v. U.S.*, 515 F. Supp. 2d 904 (E.D. Ark. 2007)).  Mr. Weatherly contends that in *Montgomery Ward*, the Arkansas Supreme Court held that a customer's negotiated discount with the hospital for his debt for medical services was collateral source sheltered by the collateral source rule and that the same is true in this case.

Allstate responds that it has no intention of violating the collateral source rule, but it reserves the right to "question on paid medical benefits, discounts or health insurance in the event plaintiff 'opens the door' at trial." (Dkt. No. 28, ¶ 3).  Allstate also states that it is allowed under Arkansas' underinsured motorist ("UIM") law to advise the jury of the underlying settlement received from the underlying tortfeasor Samuel Early's insurance carrier and is allowed to question witnesses and advise the jury that Mr. Weatherly's medical bills were previously paid through a settlement with Mr. Early's insurance carrier (*Id.*).

The parties agree that Allstate is allowed to advise the jury of the settlement Mr. Weatherly received from Mr. Early's insurance carrier and to question witnesses regarding whether the

insurance coverage was sufficient to pay fully Mr. Weatherly for the damages resulting from the motor vehicle accident.

The Court grants Mr. Weatherly's motion *in limine* as to the collateral source rule, but the Court recognizes that Arkansas courts have recognized four limited exceptions to the collateral source rule.  *See Evans v. Wilson,* 650 S.W.2d 569 (Ark. 1983); *Walmart Stores, Inc. v. Kilgore,* 148 S.W.3d 754 (Ark. Ct. App. 2004)).  If evidence within the limited exceptions to the collateral source rule becomes relevant at trial, parties are directed to approach the bench before introducing or eliciting such evidence.

### B.   References To The Lottery, Jackpot Justice, Games Of Chance, Windfall, Or The Like

Mr. Weatherly moves *in limine* to prohibit the jury from hearing or considering any claim, inference, or argument that a verdict in his favor would be similar to winning the lottery, jackpot justice, or other references to a game of chance, a windfall, or the like as such arguments are falsehoods, prejudicial, and demeaning to the institution of the civil justice system as a whole, and this Court in particular under Federal Rule of Civil Procedure 403.

Allstate responds that it has no intention of arguing jackpot justice or making lottery references at trial as raised in Mr. Weatherly's motion *in limine*.

Because Allstate does not object, the Court grants the motion *in limine*.

### C.   Unrelated Medical History Of Illness Or Injury

Mr. Weatherly seeks to exclude *in limine* evidence of his unrelated medical history of illness or injury because it is irrelevant and inadmissible pursuant to Federal and Arkansas Rules of Evidence 401, 402, and 403.  Mr. Weatherly asserts that earlier medical records are not admissible unless there is expert medical testimony to link such to the case at bar.  *Lovell v.*

*Beavers,* 987 S.W.3d 660 (Ark. 1999).  Mr. Weatherly argues that, in this case, there is not medical testimony to link any of Mr. Weatherly's previous medical records to this case that are not about his neck, back, or shoulder.  Consequently, he contends that the Court should prohibit the jury from hearing or considering unrelated prior medical history.

Allstate argues that the Court should deny Mr. Weatherly's motion to exclude what he terms "unrelated medical history" (Dkt. No. 28, ¶ 5).  At the pretrial conference, Allstate clarified that it only intends to seek to admit prior medical records related to Mr. Weatherly's diabetes, neck, back, and shoulder.  Allstate maintains that Mr. Weatherly had a long history of shoulder complaints including a history of chiropractic treatment in 2017 and 2018 for back pain issues and that such evidence serves as a basis for opinions that will be expressed by Allstate's experts at trial (*Id*., at 2-3).

With the clarification that Allstate only intends to seek to introduce Mr. Weatherly's prior medical history related to his diabetes, neck, back, and shoulder, the Court understands Mr. Weatherly to withdraw his motion *in limine* to exclude Mr. Weatherly's unrelated medical history of illness or injury.  Mr. Weatherly may object at trial if Allstate seeks to introduce testimony, evidence, or argument regarding other medical history.

### D.   Secondary Gain

Mr. Weatherly seeks to exclude *in limine* references to "secondary gain," because he maintains that there is no evidence that "secondary gain" is involved in this case.  Mr. Weatherly contends that the evidence is not admissible under Federal Rule of Evidence 403 or Arkansas Rule of Evidence 403, because it would substantially prejudice Mr. Weatherly and because there is little to no probative value considering this evidence.

4

Allstate contends that it has no intention of arguing "secondary gain" at trial as raised by Mr. Weatherly in his motion *in limine* (Dkt. No. 28, ¶ 6).  Allstate maintains, however, that it is allowed to question Mr. Weatherly concerning his reasons for and timing of treatment and sources of his medical referrals.

Because Allstate does not object, the Court grants the motion *in limine*.

### E.      Effects Or Results Of A Claim, Suit, Or Judgement Upon Insurance Rates, Premiums, Or Charges

Mr. Weatherly seeks to exclude *in limine*  any evidence of the effects or results of a claim, suit, or judgment upon insurance rates, premiums, or charges pursuant to Federal Rules of Evidence 401, 402, and 403 and Arkansas Rules of Evidence 401, 402, and 403.

Allstate responds that it does not intend to raise the issue of insurance rates or impacts of judgments as addressed in paragraph five of Mr. Weatherly's motion *in limine* during opening statement, witness examination, or closing argument (Dkt. No. 28, ¶ 7).  Allstate maintains however, that it should be allowed to explore "the jury's perception on such matters during the course of *voir dire*." (*Id*.).

The Court grants, in part, and denies, in part Mr. Weatherly's motion *in limine*.  The Court grants Mr. Weatherly's motion to exclude the issue of insurance rates or impacts of judgments during opening statements, witness examination, and closing arguments.  The Court denies the motion *in limine* to exclude discussion of insurance rates, premiums, or charges during *voir dire*.

### F.      Taxation

Mr. Weatherly asks the Court to preclude the jury from hearing or considering any evidence that any recovery received by Mr. Weatherly would or would not be subject to taxation, pursuant

to Federal Rules of Evidence 401, 402, and 403 and Arkansas Rules of Evidence 401, 402, and 403.

Allstate responds that it does not intend to address the issue of taxation on jury awards at trial as raised in Mr. Weatherly's motion *in limine* (Dkt. No. 28, ¶ 8).

Because Allstate does not object, the Court grants the motion *in limine*.

### G.     Plaintiff's Counsel Advertising On Television And Other Media

Mr. Weatherly is represented by attorneys with Rainwater, Holt and Sexton, P.A. ("Rainwater Firm").  Mr. Weatherly seeks to exclude *in limine* any reference to the Rainwater Firm's advertising on television and other media, pursuant to Federal Rules of Evidence 401, 402, and 403 and Arkansas Rules of Evidence 401, 402, and 403.

Allstate responds that it does not intend to talk about the Rainwater Firm's advertising during the case as raised in Mr. Weatherly's motion *in limine*, but Allstate maintains that its counsel should be allowed to question the jury during *voir dire* about their familiarity with, retention of, or employment with the Rainwater Firm (Dkt. No. 28, at 2).

Because Allstate does not object, the Court grants the motion *in limine* as to any reference to the Rainwater Firm's advertising on television and other media during opening statements, witness examination, and closing arguments.  The parties agree that the Court will question the *voir dire* panel regarding their familiarity with, retention of, or employment with the Rainwater Firm.

### H.     Surveillance Evidence

Mr. Weatherly moves *in limine* to preclude the jury from hearing, viewing, or considering any surveillance, evidence, or testimony from any witness, photograph and/or video of Mr. Weatherly playing baseball with his son's team.  First, Mr. Weatherly contends that he admitted

in his deposition testimony that he currently coached his son's baseball team, and, therefore, it should not be admissible for any claim that he testified untruthfully and/or inconsistently.  Second, Mr. Weatherly maintains that Allstate's adjuster testified the decision that Mr. Weatherly was made whole by the liability settlement was made in April 2021, and the surveillance was not made until May 2022.  Mr. Weatherly argues that how or what he was doing a year after Allstate made its value determination of his injuries is irrelevant and prejudicial and should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403 and Arkansas Rules of Evidence 401, 402, and 403.  Finally, Mr. Weatherly asserts that this Court's Scheduling Order entered September 23, 2021, set a discovery cutoff date of May 4, 2022.  Mr. Weatherly maintains that the surveillance was not undertaken until after that date and that the identity of the individuals conducting the surveillance was not submitted to counsel for Mr. Weatherly until May 18, 2022.  Mr. Weatherly states that counsel had agreed to hold the discovery deadline open for the purposes of taking the deposition of Allstate's adjuster but that there was no agreement as to other witnesses and exhibits.  Therefore, he asserts that the surveillance evidence should not be admitted because it was unauthorized discovery conducted after the Court's discovery cutoff, and Mr. Weatherly would be prejudiced by permitting the discovery.

Allstate argues that the Court should deny the motion to exclude the surveillance evidence (Dkt. No. 28, ¶ 10).  Allstate maintains the surveillance video and photographs of Mr. Weatherly refute Mr. Weatherly's deposition statements where he testified that he can no longer play baseball or play with his son (Dkt. No. 29, at 3).  Allstate contends that surveillance conducted by Myers Investigators was previously disclosed to Mr. Weatherly's counsel during the discovery extension window (*Id*., at 4).  According to Allstate, descriptions of the surveillance describe Mr. Weatherly pitching and fielding with his son and other members of the baseball team without limitations (Dkt.

No. 29, at 4 (citing Dkt. Nos. 29-2; 29-3)).  Allstate argues the evidence is relevant to disproving Mr. Weatherly's claims of permanent injury and also constitutes impeachment evidence (*Id*. (citing *Shaver v. State*, 826 S.W.2d 300 (Ark. Ct. App. 1992)).  Allstate maintains that it timely produced the surveillance videos, photographs, and investigator narrative reports to Mr. Weatherly in May within the parties' discovery extension and that it offered Mr. Weatherly's counsel the opportunity to depose the investigators (*Id*.).  Allstate contends that Mr. Weatherly has not suffered prejudice (*Id*.).  Allstate, through its counsel, also made clear at the pretrial hearing that it intends to offer the surveillance video and photos from the video, not the logs of the investigators.

The Court has reviewed Mr. Weatherly's deposition testimony, the surveillance video, and photos (Dkt. Nos. 29-1).  It is not clear from the record before the Court the scope of the parties' agreement regarding the extended discovery period.  If the scope of the extended discovery period was limited only to the deposition of Allstate's adjuster, the surveillance discovery is untimely, although Allstate makes the record that this discovery was provided to Mr. Weatherly and that he was afforded an opportunity to conduct further discovery regarding it.  The Court finds that, even if the surveillance was collected outside of the discovery period, it may be relevant impeachment evidence depending upon Mr. Weatherly's trial testimony.

Each party should advise the Court further on Monday, July 18, 2022, if the party chooses to do so, of the scope of the parties' agreement regarding the extended discovery period.

If the scope of the extended discovery period was limited only to the deposition of Allstate's adjuster, this surveillance evidence may not be offered by Allstate except as impeachment evidence, depending upon Mr. Weatherly's trial testimony.

If the scope of the extended discovery period was not so limited, Allstate may offer such evidence at trial to the extent such evidence is relevant to disproving Mr. Weatherly's claims of

8

permanent injury and to impeachment of Mr. Weatherly's trial testimony, if appropriate.  Allstate

may not offer evidence, testimony, or argument of the investigator's logs without first approaching

the Court and obtaining a ruling on such evidence.

### I.   Cross-Examination Of Dr. Scott Bowen

Mr. Weatherly moves *in limine* to exclude speculative cross examination of his expert Dr.

Scott Bowen.  Mr. Weatherly asserts that, during cross examination, Mr. Weatherly's treating

expert, orthopedic surgeon Dr. Bowen, was asked to speculate whether Mr. Weatherly would have

required surgery and/or would have had the same complaints if he had not had the automobile

accident when testifying to hypotheticals (Dkt. No. 22, at 6 (citing Dkt. No. 21-1).  Mr. Weatherly

asserts that to ask Dr. Bowen to speculate would be prejudicial and would far outweigh any

probative value under Federal Rules of Evidence 401, 402, and 403 and Arkansas Rules of

Evidence 401, 402, and 403, and, for the same reasons, any expert of Allstate's should also not be

allowed to speculate.

Allstate responds that the Court should deny Mr. Weatherly's motion to exclude *in limine*

these portions of Dr. Bowen's testimony (Dkt. No. 28, ¶ 11).  Allstate maintains that Dr. Bowen

has been identified as an expert witness and as such may be questioned concerning his opinion

through the use of hypothetical questions (Dkt. No. 29, at 4).  Allstate asserts that counsel's

questioning of Dr. Bowen did not seek to elicit speculation nor did he refer to his opinions as

speculative as demonstrated by his testimony (*Id*., at 4-5).

Mr. Weatherly's motion *in limine* is denied.  Dr. Bowen is qualified as an expert and may

offer testimony based on hypothetical questions.  The Court also determines that Dr. Bowen's

offered testimony was not so speculative as to be inadmissible testimony under these

circumstances.

II.     **Allstate's Motion *In Limine***

A.     **Pre-Suit or Post-Suit Correspondence Between Allstate And The Rainwater Law Firm**

Allstate asserts that, based on questioning of an Allstate claims professional assigned with evaluating Mr. Weatherly's claims, Allstate anticipates that Mr. Weatherly will attempt to question the claims representative at trial concerning the following:  communications between Allstate and the Rainwater Firm during the pendency of the claim relating to investigation efforts and the evaluation processes; form letters exchanged during the pendency of the Rainwater Firm's representation, including letters which referenced potential for arbitration proceedings; and his access to and ability to produce claims file materials from various email addresses ("the Proposed Evidence") in violation of Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 25, at 1-2). Finally, Allstate argues that Mr. Weatherly will attempt to question the Allstate representative concerning settlement correspondence and communications during the commencement of the claim and lawsuit in violation of Federal Rule of Evidence 408 (*Id.*, at 2).

In his brief, Mr. Weatherly argues that the Proposed Evidence is relevant under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 27, at 2).  Mr. Weatherly acknowledges Federal Rule of Evidence 408 forbids admission of evidence of compromise offers and negotiations (Dkt. No. 27, at 3).  Mr. Weatherly represents that he "will not attempt to admit any correspondences or communications that fall under this provision" (*Id.*, at 3).  Mr. Weatherly asserts, however, that Allstate's valuation process and determination that the at fault party was not underinsured is relevant (*Id.*, at 4).  Mr. Weatherly also maintains that a "form letter that simply makes a blanket reference to 'arbitration proceedings' does not violate the public policy behind Rule 408." (*Id.* (citing Fed. R. Evid. 408 advisory committee's note)).

Allstate contends that the Proposed Evidence is irrelevant because there are no bad faith claims or extra contractual claims (Dkt. No. 25, at 1-2). Mr. Weatherly maintains, however, that despite the lack of bad faith or extracontractual claims, the Proposed Evidence is relevant because it shows that, while Mr. Weatherly has followed through with his contractual covenants, Allstate has failed to fulfill its obligations under the contract (Dkt. No. 27, at 5). Mr. Weatherly asserts that the Proposed Evidence shows that he complied with the Allstate policy requirements such as the requirements that he give written proof of the claim and that he agree to be deposed by counsel and that discussion of Allstate's evaluation and claims adjusting process illustrates that it failed to comply with its contractual duty to " . . . pay all damages that [Mr. Weatherly] is legally entitled to recover from the owner or operator of an underinsured auto because of bodily injury sustained by [Mr. Weatherly]." (*Id.*, at 5-6 (citing Fed. R. Evid. 401 and quoting Dkt. No. 27-1)).

Mr. Weatherly argues that the Proposed Evidence is not forbidden by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court and that, therefore, the evidence satisfies Federal Rule of Evidence 402 (*Id.*, at 8).

Finally, Mr. Weatherly argues that the probative value of the Proposed Evidence is not substantially outweighed by the danger of unfair prejudice in order to exclude the Proposed Evidence under Federal Rule of Evidence 403 (*Id.*, at 8).

The Court grants Allstate's motion *in limine*. Mr. Weatherly did not bring a bad faith claim or extra contractual claim in this lawsuit, and to the extent the Proposed Evidence is relevant to a claim or defense in this matter, its probative value is outweighed by the danger of unfair prejudice (Dkt. No. 24, ¶ 1). *See* Fed. R. Evid. 403.

**B.     Evidence Or Questioning Regarding Underinsured Motorist Amounts Paid By Mr. Weatherly**

Allstate moves to exclude evidence or questioning regarding underinsured motorist insurance premium amounts paid by Mr. Weatherly under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 24, ¶ 2).

Mr. Weatherly states that he does not intend to fight Allstate regarding the amount of premiums Mr. Weatherly paid for his Allstate UIM coverage (Dkt. No. 27, at 9).  Mr. Weatherly contends, however, that it is relevant that he paid premiums for the contracted coverage and did so timely and every year (*Id.*).  Accordingly, Mr. Weatherly seeks to introduce evidence in this breach of contract case that a premium was paid for the product (*Id.*).  Additionally, Mr. Weatherly seeks admission of the Declarations Page of the contract even if the amount of the premiums is redacted (*Id.* (citing Fed. R. Evid. 401, 402, 403)).

At the pretrial hearing the parties agreed to exclude the amount that Mr. Weatherly paid Allstate in insurance premiums.  Mr. Weatherly may, however, generally state that he timely paid for insurance coverage from Allstate every year in which he was insured by Allstate.  The Court denies as moot Allstate's motion *in limine*.  The Court will leave to the parties to make necessary redactions to the  Declarations Page and any other exhibits; if the parties are unable to agree, the parties may seek further ruling from the Court.

**C.     Evidence Or Questioning Regarding The Amount Of The Allstate Policy Underinsured Motorist Limits**

Allstate moves to exclude evidence or questioning regarding the amount of the Allstate policy's UIM limits under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 24, ¶ 3).  Allstate points to *Lucca v. Geico Ins. Co.* where the Court granted a motion *in limine* to exclude testimony and other evidence relating to the amount of premiums paid for the policy and UIM policy limits

12

concluding that the evidence was irrelevant.  Case No. 15-4124, 2016 WL 3632717, *3 (E.D. Pa. 2016).  In *Lucca*, the court reasoned that introducing the evidence of the policy limit may prejudice Geico because it would give the jury an "anchor number" that has no bearing on Mr. Lucca's damages.  *Id.*

Mr. Weatherly responds the admission of UIM limits satisfies Federal Rule of Evidence 401 because the Allstate policy limits are an essential element of the contractual agreement between Mr. Weatherly and Allstate (Dkt. No. 27, at 9-10).  Mr. Weatherly relies on *Noone v. Progressive Direct Insurance Company*, where the Court denied a motion *in limine* to exclude the amount of premiums that a plaintiff paid on the policy and the UIM coverage limits under the insurance policy concluding that the information was relevant under Federal Rule of Evidence 401 to assist the jury in understanding and evaluating the case.  Case No. 3:12-cv-1674, 2013 WL 8367579, *2 (M.D. Pa. 2013).  Mr. Weatherly argues that the UIM policy limits are admissible here because the policy limits would provide the jury with necessary and helpful background information regarding the nature of material terms of the Allstate policy (*Id.*, at 9-10).  Mr. Weatherly also contends that the admission of the UIM policy limits are not specifically forbidden by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court and that, therefore, the evidence satisfies Federal Rule of Evidence 402 (*Id.*).  Finally, Mr. Weatherly argues that admission of the UIM policy limits satisfies Federal Rule of Evidence 403 because there is no threat that the probative value of the UIM policy limits will be substantially outweighed by the danger of unfair prejudice against Allstate because Mr. Weatherly intends to ask the jury to award less than the UIM policy limits and so there is, according to Mr. Weatherly, no true threat that the jury will try to award the UIM policy limits just because "the insurance company is financially abundant." (*Id.* at 10-11).

The Court has reviewed *Lucca* and *Noone* and other cases that cites these.  The Court notes that *Lucca* distinguished *Noone* because the court in *Noone* did not explain how the background information about the policy would be helpful to the jury or to what disputed issue in the case the UIM policy limits information related.  *Id*. at *3.  The Court agrees with the reasoning in *Lucca* that the UIM policy limits information is irrelevant to any issue in the case and could unfairly prejudice Allstate in that it provides the jury with an anchor number that could lead to a jury award that does not relate to any evidence in the case.  Accordingly, the Court grants Allstate's motion *in limine* as to the UIM policy limits information.

### III.   Mr. Weatherly's Objection To Allstate's Evidentiary Designations Of Deposition Transcript Of Dr. Scott Bowen

Also before the Court is Mr. Weatherly's objection to Allstate's evidentiary designation of the deposition transcript of Dr. Scott Bowen (Dkt. No. 23).  Mr. Weatherly generally objects to Allstate's cross-examination of Dr. Bowen arguing that Allstate's counsel inappropriately asks Dr. Bowen hypothetical questions as discussed above.  Mr. Weatherly seeks to strike the following portions of Allstate's cross examination of Dr. Bowen:  from page 26, line 16 to 20; page 26 lines 23 to 25; page 27, lines 1 to 14; page 36, lines 19 to 25; and page 37, lines 1 to 7.  Mr. Weatherly asserts that his counsel objected to questioning at all of the pages and lines, but the Court disagrees. The only time that Mr. Weatherly's counsel specifically objected to Allstate's counsel's question on the record is at page 26, line 21.

The following exchange occurs at page 26, line 16 to page 27, line 1:

Q:      And in this particular case what I hear you saying Doctor, is, you're not able to tell the ladies and gentlemen of the jury that he would not have needed surgery even if he hadn't been involved in an accident. Is that a fair statement?

        MS. HUGHES:  Object to the form as asked and answered.  Go ahead.

14

A:      He may well have needed the surgery regardless of the accident, possibly later, or it may be that he could have maintained adequate pain control and range of motion with therapy only, if that answers your question.

The Court overrules the objection of asked and answered.  The Court cannot find on the record that this question was asked and answered by Dr. Bowen.

To the extent Mr. Weatherly objects to the follow-up exchanges at page 27, line 2 to page 27, line 14, his counsel interposed no objection during the deposition.

To the extent that Mr. Weatherly is raising as to these exchanges on pages 26 and 27 of the deposition the same general objection regarding Dr. Bowen being asked to answer hypothetical questions or providing speculative testimony, the Court overrules the objections.

In another series of questions at page 36, line 19 to page 37 line 7, during counsel for Allstate's re-cross-examination Dr. Bowen's is asked the following:

Q:      Right.  So, I guess my question, is are you able to tell the jury based on the fact that – what you saw in April and based on what you know of frozen shoulder, that he would not have continued to lose range of motion even had he not been involve in the accident?

A:      He may have.  I think that's –

Q:      I mean, is this correct? It could have been just his course, give –

A:       It could have.

Q:      Where he was.

A:       That is true.  It could be that he was worsening and without the accident we might have been in a similar situation, potentially.  That's correct.

There are no specific objections interposed by counsel for Mr. Weatherly during this exchange.  To the extent Mr. Weatherly asserts the same general objections, the Court determines that these are proper questions to ask a witness qualified as an expert and that the questions are not based on speculation.

For these reasons, the Court overrules Mr. Weatherly's objections to these portions of Allstate's evidentiary designations of deposition transcript of Dr. Scott Bowen are overruled (Dkt. No. 23).

### IV.    Allstate's Objection To Dr. Bowen's Testimony

At the pretrial hearing, Allstate objected to a portion of Dr. Bowen's testimony on page 35, lines 2 through 12, which the Court understands that Mr. Weatherly intends to read into the record at trial.  Specifically, Allstate objects to the following exchange:

> Q:      And, Doctor, you've also – part of what I sent you, you also saw a letter in there from both Dr. Collins and Rob Tillman –
>
> A:      Right.
>
> Q:      -- wherein they also stated they believed that the motor vehicle accident aggravated his preexisting condition.
>
> MR. CAMPBELL:  Object to form.
>
> Q:      (By Ms. Hughes) Do you recall seeing those?
>
> A:      I recall reviewing that.  They did indicate that that was the case.

Allstate objects to Dr. Bowen's testimony on the grounds that Dr. Collins is not going to be a witness at trial and yet his letter in which he is offering an opinion that the motor vehicle accident aggravated Mr. Weatherly's preexisting condition is coming in through the testimony of Dr. Bowen.  The Court understands that Mr. Weatherly intends to call Rob Tillman, a physical therapist, to testify at trial.  The Eighth Circuit has noted that Federal Rule of Evidence 703 "does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views." *United States v. Grey Bear*, 883 F.2d 1382, 1392–93 (8th Cir. 1989); *see also In re ResCap Liquidating Tr. Litig.*, 432 F. Supp. 3d 902, 932 (D. Minn. 2020) (prohibiting an expert from testifying as to the non-present opinions of an

16

unidentified non-testifying defense expert).  In the Court's view, whether Dr. Collins is a treating physician or an expert, this same basic principle applies.  Mr. Weatherly may not seek to admit the opinions of Dr. Collins and Mr. Tillman in this manner through Dr. Bowen's testimony.  The Court grants Allstate's motion to strike the testimony.

## V.      Conclusion

The Court grants, in part, and denies, in part, Mr. Weatherly's motion *in limine* (Dkt. No. 21), and grants, in part, and denies, in part, Allstate's motion *in limine* (Dkt. No. 24).  The Court denies Mr. Weatherly's objection to Allstate's evidentiary designation of the deposition transcript of Dr. Scott Bowen (Dkt. No. 23).  The Court grants Allstate's motion to strike the deposition testimony of Dr. Bowen at page 35, lines 2 through 12.

So ordered this 15th day of July, 2022, at 7:30 p.m.

Kristine G. Baker
United States District Judge